OPINION OF THE COURT
 

 Memorandum.
 

 In each case, the order of the Appellate Division should be affirmed.
 

 Each of these appeals involves a prosecution arising out of a street-level "buy and bust.” In all three, the trial courts permitted the People to adduce "expert” testimony by police officers regarding the distinctive roles and practices of some street dealers. The apparent purpose of this evidence in
 
 People v Graves
 
 and
 
 People v Williams
 
 was to explain to the jury why the defendants did not have "buy money” or drugs on their persons when they were arrested shortly after the alleged sales. In
 
 People v Kane,
 
 the purpose was to bolster the People’s theory that the defendant had been a participant in the charged narcotics sale even though he had not handled either the drugs or the buy money.
 

 To the extent that the trial objection of the defendant in
 
 People v Graves
 
 may be construed to rest on grounds of relevance, the objection was properly denied, since proof of the habits of some street drug dealers is at least marginally probative of what others in the same business might do. The argument now made by the defendant in
 
 People v Williams
 
 that the limited probative worth of this evidence is out
 
 *1027
 
 weighed by its prejudicial effect was not made by him or any of the other defendants at trial. Similarly, none of the defendants made the argument now made on appeal by the defendant in
 
 People v Graves, le.,
 
 that the practices of street dealers in ridding themselves of incriminating evidence are not a proper subject for "expert” testimony. Accordingly, regardless of their merits, none of those arguments can be considered on these appeals.
 

 Similarly unreviewable is defendant Kane’s present claim that his conviction should be reversed because of the prosecutor’s failure to turn over a police expense report that arguably constituted
 
 Rosario
 
 material. When the report’s existence was disclosed during the police officer’s testimony, the court deferred further discussion about the prosecutor’s obligation to produce it, instead permitting defense counsel to question the witness about the report’s availability. Counsel did not mention the report again and no sanction either for its belated disclosure or for its nonproduction was sought. Accordingly, any claim for relief defendant might have as a result of the possible violation of his
 
 Rosario
 
 rights must be deemed abandoned
 
 (cf., People v Rogelio,
 
 79 NY2d 843).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Orders affirmed in a memorandum.