■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN BISTONATH, Appellant. [628 NYS2d 738] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered November 19, 1992, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. The jury rationally inferred that the defendant intended to kill the deceased notwithstanding the possibility that he may not have fired the fatal shot *(see, People v Braithwaite,* 63 NY2d 839; *People v White,* 162 AD2d 646; *People v Oquendo,* 147 AD2d 506). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

It was not error for the court to refuse to charge the jury on the defense of justification because no reasonable view of the evidence supported that defense *(see, People v Butts,* 72 NY2d 746; *People v Watts,* 57 NY2d 299). Further, the limits placed by the court upon the scope of defense counsel's cross-examination of several witnesses did not deprive the defendant of effective cross-examination as the court only prevented examination on collateral or irrelevant topics *(see, People v Mc-Griff,* 201 AD2d 672; *People v Ashner,* 190 AD2d 238, 246; *People v Anderson,* 168 AD2d 624).

The court's interference with defense counsel's summation did not constitute error because the court merely sustained the People's objections to remarks which were either speculative or were not fair comment on the evidence *(see, People v Anderson,* 199 AD2d 514). Moreover, the court's conduct was provoked by defense counsel's disregard for its prior evidentiary rulings *(see, People v Cuba,* 154 AD2d 703).

The defendant's remaining contentions are without merit. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.