■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR RAMOS, Appellant. [757 NYS2d 741] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered January 16, 1996, convicting defendant, after a jury trial, of crimi-

nal sale of a controlled substance in the third degree and criminal possession of a hypodermic instrument, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and one year, respectively, unanimously affirmed.

The court properly precluded defendant from commenting in summation on the fact that the People had not called the drug purchaser in this observation sale as a witness. We note initially that defendant abandoned this issue (*see People v Graves*, 85 NY2d 1024, 1027 [1995]). In any event, although a summation comment on witness's absence does not require the same foundation as a missing witness charge, there was no basis for such a comment here since the witness was clearly unavailable, there was no evidence that the testimony would be anything but cumulative, and there was no showing that the witness should naturally be expected to testify favorably to the People (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]; *People v Torres*, 272 AD2d 128 [2000], *lv denied* 95 NY2d 939 [2000]; *People v Jenkins*, 226 AD2d 116 [1996], *lv denied* 88 NY2d 937 [1996]).

Defendant's challenge to background testimony about the roles of various participants in a street-level drug operation, is unpreserved, as counsel's unelaborated "objection" was insufficient to alert the trial court to the arguments he makes on appeal (*People v Tevaha*, 84 NY2d 879, 881 [1994]), and we decline to review it in the interest of justice. Were we to review this claim, we would we would find that this brief and limited testimony was properly admitted (*see People v Brown*, 97 NY2d 500, 506-507 [2002]). Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.