■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PAIXAO, Appellant. [806 NYS2d 672]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 23, 2002, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly impeded his ability to present his defense by curtailing his cross-

examination of prosecution witnesses and limiting his summation. We disagree. The trial court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *People v Aska*, 91 NY2d 979, 981 [1998]; *People v Schwartzman*, 24 NY2d 241, 245 [1969], *cert denied* 396 US 846 [1969]; *People v Messa*, 299 AD2d 495, 496 [2002]; *People v Kinard*, 215 AD2d 591 [1995]; *People v Ashner*, 190 AD2d 238, 246 [1993]; *People v Martinez*, 177 AD2d 600, 601 [1991]). The trial court providently exercised its discretion in this case. Moreover, the trial court properly excluded evidence of third-party culpability that was purely speculative in nature (*see People v Schulz*, 4 NY3d 521 [2005]; *People v Primo*, 96 NY2d 351 [2001]). The trial court also correctly limited the defense summation to matters of evidence that were properly adduced at trial (*see People v Romano*, 301 AD2d 666, 667 [2003]). It properly sustained the People's objections to defense summation comments that were based on speculation and that violated the trial court's evidentiary rulings (*see People v Bistonath*, 216 AD2d 478, 479 [1995]).

The defendant failed to preserve for appellate review his contention that the prosecutor's objections and the trial court's rulings violated his constitutional rights (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Tucker*, 21 AD3d 387 [2005], *lv denied* 5 NY3d 833 [2005]). Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.