■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CONNELLY, Appellant. [821 NYS2d 614]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 4, 1995, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court correctly declined to submit manslaughter in the second degree as a lesser-included offense of depraved indifference murder since there was no reasonable view of the evidence that the defendant committed the lesser offense without having committed the greater offense (*see* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61 [1982]; *People v James,* 19 AD3d 616 [2005]).

The defendant failed to preserve for appellate review his contention that he was denied the constitutional right to present a defense (*see People v Angelo,* 88 NY2d 217, 222 [1996]; *People v Paixao,* 23 AD3d 677, 677-678 [2005]). Moreover, the defendant waived any claim that the People's evidence was legally insufficient to prove his guilt of depraved indifference murder (*see People v Soto,* 8 AD3d 683, 684 [2004]), and he failed to preserve any claim that all of the evidence was legally

insufficient to prove his guilt of depraved indifference murder (*see* Penal Law § 125.25 [2]; CPL 470.05 [2]; *People v Hines,* 97 NY2d 56, 61 [2001]; *People v Kingsberry,* 11 AD3d 561, 562 [2004]; *People v Soto, supra*). To the extent that the defendant seeks review of such an unpreserved claim, we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant did not request a jury charge on the defense of intoxication (*see* CPL 470.05 [2]; *People v Pringle,* 270 AD2d 291 [2000]; *People v Quinones,* 251 AD2d 517 [1998]) and, indeed, affirmatively waived that claim.

Contrary to the defendant's contentions, when viewed in its entirety, the trial court's charge adequately conveyed the proper definitions and elements of the defendant's justification defense (*see People v Strong,* 256 AD2d 427 [1998]; *People v Dawes,* 175 AD2d 174 [1991]). In any event, any error in the trial court's failure to elaborate upon the duty to retreat and instruct on the home exception does not warrant reversal since the overwhelming evidence disproved the justification defense (*see People v Jones,* 3 NY3d 491, 497 [2004]). Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.