■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL DAVIS, Appellant. [839 NYS2d 50]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J.), rendered April 15, 2003, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 25 years to life, 15 years and 7 years, respectively, unanimously affirmed.

In support of his justification defense, defendant asserted, among other things, that he believed the deceased to be a member of the Bloods gang, and that three other Bloods had stabbed him approximately three weeks before the incident at issue. The court, which permitted defendant to give extensive testimony about the stabbing and how it affected his state of mind at the time he shot the deceased (*compare People v Douglas*, 29 AD3d 47, 49-51 [2006], *lv denied* 6 NY3d 847 [2006]), properly exercised its discretion in denying defendant's request to additionally receive in evidence a videotape of the grand jury testimony he gave, while hospitalized (*see* CPL 190.32), as the complainant in the stabbing case. Neither the audio nor the visual aspect of the videotape would have added anything to defendant's justification defense.

The deceased's mother's testimony concerning her son's background, and photographs of the deceased taken when he was alive, were generally relevant to various issues raised by defendant at trial. To the extent any of this evidence was improper (*see People v Harris*, 98 NY2d 452, 490-491 [2002]), we find the error to be harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly sustained objections to defendant's questions to police witnesses about whether or not the deceased's younger sister was making a Bloods' "kill" sign with her hand in a photograph with the deceased and others. At that point in the trial, there had been no evidence of any gang involvement in the case, and no foundation had been laid. The court never made a final ruling excluding this evidence; instead, it left open the possibility that defendant could introduce it upon a proper foundation, and it agreed that a police witness would be kept available to testify for defendant on this subject. However, defendant abandoned the issue (*see People v Graves*, 85 NY2d 1024, 1027 [1995]). In any event, even assuming that defendant could have established that the deceased's sister was making a gang sign, such evidence would have had little or no probative

value, notwithstanding that one of the trial issues was whether or not the deceased actually belonged to the Bloods. There was no evidence that the deceased taught his sister the sign or even saw her give it, or about where she learned it, and the evidence would have called for the jury to draw a speculative connection between the deceased and the violent gang.

To the extent that defendant is raising constitutional claims with regard to the court's evidentiary rulings, such claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. We have considered and rejected defendant's ineffective assistance of counsel arguments and his argument that his sentence was excessive. Concur—Saxe, J.P., Marlow, Buckley, Catterson and McGuire, JJ.

Reargument granted and upon reargument, the decision and order of this Court, entered on April 17, 2007 (39 AD3d 345 [2007]), is recalled and vacated and a new decision and order substituted therefor.