■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN SULLIVAN, Appellant. [863 NYS2d 381]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered May 20, 2005, convicting him of sodomy in the first degree, sexual abuse in the first degree (two counts), and robbery in the third degree, upon a jury verdict, and sentencing him to a determinate term of 25 years of imprisonment on the conviction of sodomy in the first degree, determinate terms of 7 years of imprisonment on the conviction of each count of sexual abuse in the first degree, and an indeterminate term of 2$\frac{1}{3}$ to 7 years of imprisonment on the conviction of robbery in the third degree, to run consecutively to each other.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by directing that the terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that he was denied the constitutional right to present a defense by the Supreme Court's denial of his motion for a second adjournment to afford him additional time to obtain the results of the DNA testing which allegedly was being performed by an independent laboratory engaged by the defense (*see People v Angelo,* 88 NY2d 217, 222 [1996]; *People v Connelly,* 32 AD3d 863 [2006]; *People v Paixao,* 23 AD3d 677, 677-678 [2005]). In any event, under the circumstances of this case, the defendant was not prejudiced.

Contrary to the defendant's contention, he was not denied meaningful representation based on his trial attorney's failure to object to alleged instances of bolstering, certain remarks made by the prosecutor in summation, and the prosecutor's elicitation of testimony (*see People v Johnson,* 49 AD3d 557 [2008], *lv denied* 10 NY3d 865 [2008]; *People v Hyatt,* 2 AD3d 749, 749-750 [2003]; *see generally People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, do not require reversal. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.