THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED BURWELL, Appellant. [867 NYS2d 701]

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Smith,* 16 AD3d 602 [2005]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court did not provide a meaningful response to a jury question is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Slacks,* 90 NY2d 850 [1997]). In any event, the Supreme Court responded meaningfully to the note from the jury (*see* CPL 310.30; *People v Malloy,* 55 NY2d 296 [1982], *cert denied* 459 US 847 [1982]; *People v Hayes,* 48 AD3d 831 [2008]). Ritter, J.P., Florio, Miller and Dillon, JJ., concur.