■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY DAVID, Appellant. [894 NYS2d 406]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at hearing; William A. Wetzel, J., at jury trial and sentence), rendered September 19, 2005, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a persistent felony offender, to a term of 17 years to life, unanimously affirmed.

Defendant's claim that he was deprived of his right to a public trial is both procedurally defective and without merit. After conducting a suppression hearing, the hearing court made a ruling granting the People limited closure of the courtroom at trial during the testimony of a civilian witness, based on possible witness-tampering concerns. Although the record is unclear, it sufficiently establishes that there was no opposition by defendant to this ruling. When the case was assigned to a different Justice for trial, defendant sought to reopen this ruling based on allegedly changed circumstances. The trial court directed defendant to ask the hearing court to reconsider its decision, but defendant did not avail himself of that opportunity. Accordingly, defendant abandoned the issue (see e.g. People v Graves, 85 NY2d 1024, 1027 [1995]). To the extent defendant is arguing that the trial court was obligated to resolve the issue itself rather than to refer it back to the hearing court, that argument is without merit (see People v Jennings, 69 NY2d 103, 113-114 [1986]; see also People v Evans, 94 NY2d 499 [2000] [law of the case doctrine]). Accordingly, defendant's public trial claim is procedurally barred, both because he consented to the closure order, and because he waived an opportunity to have it reconsidered. As an alternative holding, the record supports the court's determination in issuing the partial closure order (see Waller v Georgia, 467 US 39 [1984]).

The challenged portions of the People's summation generally constituted fair comment on the evidence, and nothing in the summation deprived defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).

The procedure by which defendant was sentenced as a persis-

tent felony offender was not unconstitutional (*see People v Rivera*, 5 NY3d 61, 70-71 [2005], *cert denied* 546 US 984 [2005]). Defendant's statutory claim regarding this adjudication is unpreserved and without merit (*see People v Young*, 41 AD3d 318, 319-320 [2007], *lv denied* 9 NY3d 1040 [2008]). We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Friedman, Nardelli and Catterson, JJ.