■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN FORTE, Appellant. [897 NYS2d 133]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered March 17, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court violated his constitutional rights to due process and to present witnesses in his own defense when it allowed a potential defense witness to invoke his Fifth Amendment privilege against self-incrimination and refuse to testify. This contention is unpreserved for appellate review (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Sullivan*, 54 AD3d 882, 883 [2008]; *People v Connelly*, 32 AD3d 863 [2006]). In any event, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant's contention that the trial court violated his constitutional rights to due process and confrontation, and to present witnesses in his own defense, by failing to declare a certain defense witness hostile is unpreserved for appellate review (*see People v Angelo*, 88 NY2d at 222; *People v Dombroff*, 44 AD3d 785, 787 [2007]). Moreover, the defendant abandoned this argument by examining the witness without renewing his application to have the witness declared hostile, even though the trial court reserved decision on the application, which was made before the witness testified, on the ground that it could not issue a ruling before it heard from the witness (*see People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Midura*, 54 AD3d 877 [2008]; *People v Leon-Ramos*, 28 AD3d 679, 679-680 [2006]). In any event, the witness was neither unwilling nor reluctant to testify (*see People v Marshall*, 220 AD2d 692, 693 [1995]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.