# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**664**

**KA 08-00320**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CHESTER J. THOMAS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Ellen M. Yacknin, A.J.), rendered December 14, 2007. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, criminal contempt in the first degree and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [1]). The victim was defendant's long-time girlfriend and the mother of his three children. Defendant failed to preserve for our review his contention that County Court's *Molineux* ruling deprived him of a fair trial (*see generally People v Parkinson*, 268 AD2d 792, 794, *lv denied* 95 NY2d 801). In any event, that contention lacks merit. The court properly admitted evidence of three prior instances in which defendant engaged in physical abuse against the victim, inasmuch as such evidence was relevant to establish defendant's intent and motive, as well as to provide appropriate background (*see People v Meseck*, 52 AD3d 948, 950; *People v Westerling*, 48 AD3d 965, 966-968).

Defendant further contends that he was deprived of a fair trial when the court sustained the People's objection to the remark made by defense counsel on summation, urging the jury to draw a negative inference from the failure of a certain police officer to testify. We reject that contention. The victim testified that the officer who responded following her 911 call informed her that "no judge would ever believe" that her live-in boyfriend had sodomized her. Consequently, the victim's written statement to the police did not include an allegation of sodomy. At trial, defense counsel attacked

the victim's credibility and emphasized that her story had changed from when she initially reported the incident to when she testified at trial and alleged that defendant sodomized her. Defense counsel thereby suggested that the sodomy never occurred because, if it had, the victim would have reported it to the responding officer. On summation, defense counsel reiterated that point and further suggested that the victim lied when she testified that the officer's statement that a judge would not believe her allegations dissuaded her from reporting the sodomy in her written statement. Defense counsel then argued that, in the event that the officer had in fact made such a statement to the victim, the officer should have been called to testify with respect thereto. The objection of the People to defense counsel's statement was sustained and the jury was instructed to disregard the statement.

"A defendant not necessarily entitled to a missing witness charge may nonetheless try to persuade the jury to draw inferences from the People's failure to call an available witness with material, noncumulative information about the case" (*People v Williams*, 5 NY3d 732, 734). In the event that the officer would have merely confirmed the victim's story, such testimony would have been cumulative of the victim's testimony, and the People were not required to call him as a witness (*see People v Ramos*, 305 AD2d 115, *lv denied* 100 NY2d 586). Moreover, defendant never made an offer of proof with respect to the officer's prospective testimony, and thus there was no good faith basis to comment on the People's failure to call him as a witness (*see People v Pepe*, 262 AD2d 7, *lv denied* 93 NY2d 1019, 1024; *see also People v Barton*, 19 AD3d 304; *People v Holland*, 221 AD2d 947, *lv denied* 87 NY2d 922).

Defendant failed to preserve for our review his contention that the People improperly bolstered the testimony of a witness (*see People v Brown*, 82 AD3d 1698, 1700), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe.

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court