■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL NAILS, Appellant. [945 NYS2d 157]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered April 4, 2011, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 20 years, to be followed by a period of 5 years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discre-

tion and in the interest of justice, by reducing the sentence of imprisonment for robbery in the first degree from a determinate term of imprisonment of 20 years, to be followed by a period of five years of postrelease supervision, to a determinate term of imprisonment of 15 years, to be followed by a period of five years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Delamota*, 18 NY3d 107, 116-117 [2011]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the trial court improperly curtailed defense counsel's summation argument that the People failed to produce certain witnesses and medical evidence. To the extent the defendant is raising a constitutional claim, his contention is unpreserved for appellate review (*see People v Paixao*, 23 AD3d 677, 678 [2005]; *People v McCollough*, 16 AD3d 183, 184 [2005]). In any event, the trial court properly limited defense counsel's summation remarks under the circumstances of this case (*see People v Thomas*, 85 AD3d 1572, 1573 [2011]; *People v Paixao*, 23 AD3d at 678; *People v Ramos*, 305 AD2d 115, 116 [2003]; *People v Pepe*, 262 AD2d 7, 7-8 [1999]; *People v Bistonath*, 216 AD2d 478, 479 [1995]; *People v Turner*, 212 AD2d 818 [1995]).

The defendant waived his contention that the trial court erred in failing to submit the charge of assault in the third degree to the jury (*see People v Cleophus*, 81 AD3d 844, 846 [2011]; *People v Boone*, 269 AD2d 459, 459-460 [2000]). The defendant also waived his contention that the trial court erred in failing to submit the charge of robbery in the third degree to the jury (*see People v Terrell*, 78 AD3d 865, 866 [2010]).

The defendant's contention that the trial court did not adequately respond to certain jury notes is unpreserved for appellate review (*see People v Rodriguez*, 62 AD3d 728 [2009]; *People v Burwell*, 57 AD3d 555, 556 [2008]), and, in any event, is without merit (*see People v Steinberg*, 79 NY2d 673, 684-685 [1992]; *People v Almodovar*, 62 NY2d 126, 132 [1984]).

Under the circumstances of this case, the sentence imposed

was excessive to the extent indicated herein. Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.