Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 18, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, resisting arrest and disorderly conduct.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [former (3)]), resisting arrest (§ 205.30), and disorderly conduct (§ 240.20 [3]). Contrary to defendant’s contention, County Court did not abuse its discretion in denying his request for new counsel (see generally People v Rolfe, 83 AD3d 1219, 1220 [2011], lv denied 17 NY3d 809 [2011]). The record establishes that the court made a sufficient inquiry and determined that there was no good cause for substitution (see generally People v Linares, 2 NY3d 507, 510-511 [2004]). Defendant failed to preserve for our review his contention that the court erred in admitting in evidence testimony regarding an uncharged crime (see People v Thomas, 85 AD3d 1572, 1572 [2011]; People v Kelly, 71 AD3d 1520, 1520 [2010], lv denied 15 NY3d 775 [2010]). In any event, his contention is without merit inasmuch as the testimony was relevant to establish defendant’s motive and to provide relevant background information (see Thomas, 85 AD3d at 1572; People v Monzon, 289 AD2d 595 [2001], lv denied 98 NY2d 712 [2002]). By failing to object to his appearance in prison garb at trial, defendant failed to preserve for our review his contention that he was thereby denied a fair trial (see People v Walker, 259 AD2d 1026, 1027 [1999], lv denied 93 NY2d 1029 [1999]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, upon our review of the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, we reject defendant’s contention that he received ineffective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Present — Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.