■ The People of the State of New York, Respondent, v Jocelyn Desjardins, Appellant. [978 NYS2d 874]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to prove the defendant's identity as one of the people involved in a robbery that took place on March 9, 2007. We therefore vacate the convictions of robbery in the first degree and robbery in the second degree pertaining to March 9, 2007, vacate the sentences imposed thereon, and dismiss counts 37 and 38 of the indictment.

Contrary to the defendant's contention, the trial court properly denied his request to have robbery in the third degree (*see* Penal Law § 160.05) charged as a lesser-included offense of robbery in the first degree (*see* Penal Law § 160.15 [4]), pertaining to the robberies committed on December 17, 2006, January 4, 2007, February 18, 2007, and March 16, 2007. Viewing the evidence in the light most favorable to the defendant (*see People v Devonish*, 6 NY3d 727, 728 [2005]), the robbery victims' testimony established that during each of these robberies, one or more of the perpetrators consciously manifested the presence of an object to one or more of the victims in such a way that the victim reasonably believed that the perpetrator had a weapon (*see People v Baskerville*, 60 NY2d 374 [1983]; *People v Micolo*, 30 AD3d 615 [2006]; *People v Rogers*, 19 AD3d 437 [2005]; *see also Gonzalez v Reiner*, 177 F Supp 2d 211 [SD NY 2001]; *Taylor v Kuhlmann*, 36 F Supp 2d 534 [ED NY 1999]). Thus, no reasonable view of the evidence supported charging robbery in the third degree, which does not require the display of a weapon, as a lesser-included offense (*see* Penal Law § 160.05).

The defendant's contention that the trial court violated his right to a fair trial and his right to counsel by improperly curtailing his right to present an effective argument in summation is unpreserved for appellate review (*see People v Nails*, 95 AD3d 1237 [2012]; *People v Paixao*, 23 AD3d 677 [2005]; *People v McCollough*, 16 AD3d 183 [2005]; CPL 470.05 [2]). In any event, the trial court properly limited defense counsel's summation remarks under the circumstances of this case (*see People v Nails*, 95 AD3d 1237 [2012]; *People v Thomas*, 85 AD3d 1572 [2011], *affd* 21 NY3d 226 [2013]; *People v Paixao*, 23 AD3d 677 [2005]; *People v Ramos*, 305 AD2d 115 [2003]). Accordingly, the defendant was not deprived of his right to a fair trial.

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.