■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BEATTY, Appellant. [13 NYS3d 12]—Judgment, Supreme Court, Bronx County (William J. Condon, J.), rendered June 14, 2013, convicting defendant, after a jury trial, of resisting arrest and criminal possession of marijuana in the fifth degree, and sentencing him to an aggregate term of 30 days, concurrent with three years' probation, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5) regarding the probation portion of the sentence.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). Defendant's prior conviction for selling marijuana was probative of his credibility, and it was not unduly prejudicial. Moreover, there is little or no reason to believe that cross-examination about the prior sale caused defendant any prejudice, given that the jury acquitted him of numerous felony charges and only convicted him of misdemeanors.

Defendant's belated, postsummation objection failed to preserve his challenges to the prosecutor's summation (*see People v Romero*, 7 NY3d 911, 912 [2006]), and his arguments on different grounds from those raised on appeal failed to preserve his present claims regarding uncharged crimes evidence and his request to remove items from a clear plastic evidence bag for display to the jury (*see People v Graves*, 85 NY2d 1024, 1026-1027 [1995]). We decline to review any of these claims in the interest of justice. As an alternate holding, we find that the prosecutor's reference to defendant as a drug dealer was inappropriate, but not so egregious as to warrant reversal (*see People v Williams*, 65 AD3d 484, 489 [1st Dept

2009], *lv denied* 13 NY3d 840 [2009]), that the court's rulings on the other issues were proper exercises of discretion, and that any errors were harmless.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.