SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**797**
**KA 11-02369**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

EDDIE R. PALMER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 14, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]) and unauthorized use of a vehicle in the second degree (§ 165.06). Defendant was convicted of possessing and operating a motorized wheelchair that was taken from a patient in a hospital.

We reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495; *People v Pichardo*, 34 AD3d 1223, 1224, *lv denied* 8 NY3d 926). At trial, a hospital security officer testified that, at approximately 3:30 a.m., she was watching security cameras and saw defendant driving a motorized wheelchair away from the hospital. The security officer further testified that she saw defendant operating the wheelchair at a high rate of speed on hospital grounds, rummaging through a hospital-issued patient belongings bag, putting on an article of clothing that he had removed from the bag, discarding some of the bag's contents into nearby bushes, and driving the wheelchair away from the hospital, where he was stopped by security personnel. Another security officer testified that, after defendant was stopped, he stated that he was visiting a friend, who was not the victim, and that he was taking the motorized wheelchair off the hospital grounds to charge the battery. A hospital employee

and the victim's wife testified that the wheelchair belonged to the victim, who was deceased at the time of trial.

With respect to the conviction of criminal possession of stolen property in the fourth degree, we conclude that the evidence is legally sufficient to establish that defendant knowingly possessed stolen property with "intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof" (Penal Law § 165.45; see § 165.55 [1]).  A defendant's " 'knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a [trier of fact] to draw a permissible inference that defendant knew the property was stolen' " (People v Waterford, 124 AD3d 1246, 1246-1247, lv denied 26 NY3d 972).  We reject defendant's contention that the evidence regarding the value of the wheelchair is legally insufficient to establish that its value exceeded $1,000, an element of criminal possession of stolen property in the fourth degree (§ 160.45 [1]).  The testimony of a retailer regarding the value of the wheelchair is " 'a reasonable basis for inferring, rather than speculating, that the value of the [wheelchair] exceeded the statutory threshold' " (People v Szyszkowski, 89 AD3d 1501, 1502).

With respect to the conviction of unauthorized use of a vehicle in the second degree, we conclude that the circumstantial evidence adduced at trial is sufficient to establish that defendant knew that he did not have the consent of the owner to operate the wheelchair (see Penal Law §§ 165.05 [1]; 165.06).  Also, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).

Contrary to defendant's further contention, the People did not commit a Brady violation by failing to disclose additional security footage.  That security footage did not constitute Brady material inasmuch as it was in the exclusive possession of the hospital and was never in the People's possession or control (see People v Walloe, 88 AD3d 544, 544, lv denied 18 NY3d 963; People v Thomas, 38 AD3d 1134, 1136-1137, lv denied 9 NY3d 852; People v Terry, 19 AD3d 1039, 1039-1040, lv denied 5 NY3d 833).

Finally, by failing to object to his appearance in prison garb during the nonjury trial, "defendant failed to preserve for our review his contention that he was thereby denied a fair trial" (People v McNitt, 96 AD3d 1641, 1641, lv denied 19 NY3d 998), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court