■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAETANO D'ATTORE, Appellant. [58 NYS3d 300]—

Judgment, Supreme Court, Bronx County (Cassandra M. Mullen, J.), rendered July 1, 2010, as amended February 28 and November 16, 2011, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (two counts), unlawful possession of pistol ammunition (seven counts), unlawful possession of rifle ammunition (two counts), unlawful possession of handcuffs, criminal possession of stolen property in the fifth degree and endangering the welfare of a child (two counts), and sentencing him, as a second felony offender, to an aggregate term of 14 years, unanimously affirmed.

The court providently exercised its discretion in declining to impose any sanction for the inadvertent destruction by the police of three pistols recovered from defendant's house. Due to a clerical error, the weapons were mischaracterized as unconnected with any pending case and thus subject to being destroyed. Despite proper disclosure by the People, long before the pistols were destroyed, defendant never availed himself of the opportunity to examine or test the firearms, and it was not until the destruction was discovered during trial that defendant moved to dismiss the charges or expressed an interest in performing independent tests. Under such circumstances, "defendant forfeited whatever right he had to demand production of the [pistols] and, consequently, he cannot now complain about the People's failure to preserve [them]" (*People v Allgood*, 70 NY2d 812, 813 [1987]; *see also People v Aponte*, 240 AD2d 317 [1st Dept 1997], *lv denied* 91 NY2d 868 [1997]). In any event, even if the court should have expressly "charged" itself that, like a jury, "it *may* draw an inference in defendant's favor" (*People v Handy*, 20 NY3d 663, 669 [2013]), we find any error to be harmless, particularly in the context of a nonjury trial.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations regarding the circumstances of defendant's wife's consent to searches of the house in which she jointly resided with defendant. The evidence established that defendant's wife had both actual and apparent authority to consent to the search

of the entire house, and there was no indication that defendant had exclusive access to the unlocked attic and basement areas (*see People v Williams*, 278 AD2d 150 [1st Dept 2000], *lv denied* 96 NY2d 764 [2001]).

We reject defendant's challenges to the sufficiency or weight of the evidence supporting his convictions for possessing the three pistols found during the final search of his house, conducted after defendant was already in custody on the other charges in this case (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations in this regard. The evidence supports the conclusion that defendant carefully concealed these weapons in his house, as a result of which they were not discovered during the first two searches. Defendant's far-fetched theory that an estranged relative planted the weapons in defendant's house in his absence in order to worsen his legal troubles is unsupported by the evidence.

Although there was evidence that, while in custody, defendant contacted a relative and asked her to abandon a certain bag at a police station, anonymously, and without looking in it or giving the police any information, we conclude that the exemption for voluntary surrender of weapons (Penal Law § 265.20 [a] [1] [f]) did not apply, and the court was not required to "charge itself" on this exemption. There was no reasonable view of the evidence that defendant's conduct satisfied the requirements of this exemption. In particular, the exemption requires that the surrender be in accordance with terms and conditions established by the police (such as an amnesty program).

The court providently exercised its discretion in denying counsel's request for a third CPL article 730 examination, where, notwithstanding his mental illness, defendant had already been found competent twice, there was no indication of a change in his condition, and the court's interactions with defendant showed that he understood the proceedings (*see People v Morgan*, 87 NY2d 878 [1995]).

We perceive no basis for reducing the sentence.

Defendant's pro se claims are without merit. Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.