■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ADRIAN-REYES, Appellant. [65 NYS3d 183]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered January 29, 2014, as amended February 21, 2014, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees and conspiracy in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Moreover, the evidence of defendant's guilt was overwhelming. The only reasonable inference that can be drawn from the evidence, which included intercepted conversations, is that defendant was a participant in a large-scale drug trafficking operation, and that he knowingly transported a very large quantity of cocaine in his car as part of his role in that operation.

The court providently exercised its discretion in declining to give an adverse inference charge. At the time of defendant's arrest, the police seized the car he was driving, which was used to transport drugs, and which contained a secret compartment commonly used by drug dealers. At the inception of the case, the People offered defendant the opportunity to inspect or photograph the car and the secret compartment, but defendant never availed himself of that opportunity. Defendant first raised the issue at trial, when it was revealed that the car had

been transferred to the United States Marshals Service and sold, apparently under a federal forfeiture procedure not entirely explained in the record. Under these circumstances, defendant cannot complain about the People's failure to retain the car, and defendant's inaction was an appropriate ground for denying an adverse inference charge (*see People v Handy*, 20 NY3d 663, 669 [2013]; *People v D'Attore*, 151 AD3d 548, 549 [1st Dept 2017], *lv denied* 30 NY3d 948 [2017]).

In any event, regardless of whether the court should have given an adverse inference charge for the disposal of defendant's car and the secret compartment it contained, we find that defendant was not prejudiced, because photographs and other competent evidence adequately depicted the nature of the compartment. Furthermore, any error was harmless, because this compartment, which was not actually found to contain drugs, was only part of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We adhere to our prior decision in which we denied defendant's motion for disclosure of the unredacted affidavits supporting the warrant applications, the sealed *Darden* hearing minutes (*People v Darden*, 34 NY2d 177, 181-182 [1974]) and related relief. As previously directed by this Court, we conducted an in camera review of the unredacted affidavits supporting the warrant applications and of the *Darden* hearing. We find that there was probable cause for the issuance of the warrants for eavesdropping and for placing a GPS tracking device on defendant's car. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.