People v Irizarry (2018 NY Slip Op 02941)





People v Irizarry


2018 NY Slip Op 02941


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


243 KA 16-00887

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL IRIZARRY, ALSO KNOWN AS BEANO, DEFENDANT-APPELLANT. 






TYSON BLUE, MACEDON, FOR DEFENDANT-APPELLANT. 
MICHAEL IRIZARRY, DEFENDANT-APPELLANT PRO SE.
MICHAEL COLARCO, DISTRICT ATTORNEY, LYONS (WENDY EVANS LEHMANN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered April 28, 2016. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of three counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and one count of criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that he was denied a fair trial when County Court allowed him to appear in jail garb during the trial. Defendant did not object to his appearance in jail garb at trial, and he thus failed to preserve his contention for our review (see People v Palmer, 142 AD3d 1381, 1383 [4th Dept 2016], lv denied 28 NY3d 1074 [2016]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's related contention, defense counsel was not ineffective for failing to raise the issue of defendant's jail garb (see generally People v Turner, 5 NY3d 476, 480 [2005]).
The court granted in part defendant's motion for a trial order of dismissal based on the legal insufficiency of the evidence, and we reject defendant's further contention that the "denial of the balance of the motion to dismiss constituted reversible error" (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We note in particular that defendant was acquitted of the seventh count, charging him with criminal possession of a controlled substance in the third degree based on the execution of the search warrant (Penal Law § 220.16 [1]) and was instead convicted under that count of the lesser included offense that he requested, i.e., criminal possession of a controlled substance in the seventh degree (§ 220.03), a charge that required no showing of the element of intent he had challenged in his motion for a trial order of dismissal. To the extent that defendant challenges the legal sufficiency of the evidence supporting the charge of which he was acquitted, defendant waived that challenge by requesting that the court charge the lesser included offense (see People v Fancher, 116 AD3d 1084, 1085 [3d Dept 2014]; People v Green, 60 AD3d 1320, 1321 [4th Dept 2009], lv denied 12 NY3d 915 [2009]). In any event, "CPL 290.10 does not contemplate the granting of a trial order dismissing a count of an indictment when legally sufficient evidence exists to support a lesser included offense under that count' " (People v Vaughan, 48 AD3d 1069, 1070 [4th Dept 2008], lv denied 10 NY3d 845 [2008], cert denied 555 US 910 [2008]).
Defendant failed to preserve for our review his contention that the People did not establish an adequate chain of custody with respect to the drugs inasmuch as he did not object to their admission in evidence (see People v Alexander, 48 AD3d 1225, 1226 [4th Dept 2008], lv denied 10 NY3d 859 [2008]). In any event, "[t]he testimony presented at the trial sufficiently established the authenticity of that evidence through reasonable assurances of identity and unchanged condition" (People v Washington, 39 AD3d 1228, 1230 [4th Dept 2007], lv denied 9 NY3d 870 [2007] [internal quotation marks omitted]; see People v Julian, 41 NY2d 340, 342-343 [1977]), "and thus any alleged gaps in the chain of custody went to the weight of the evidence, not its admissibility" (People v Kennedy, 78 AD3d 1477, 1478 [4th Dept 2010], lv denied 16 NY3d 798 [2011]; see People v Hawkins, 11 NY3d 484, 494 [2008]).
We reject defendant's contention that the court erred in denying his request for an impeachment charge and in failing to provide limiting instructions with respect to a purported prior inconsistent statement (cf. CPL 60.35 [2]). In any event, any such errors are harmless (see People v Lawrence, 141 AD3d 1079, 1083 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]; People v Jefferies, 110 AD3d 646, 646-647 [1st Dept 2013], lv denied 23 NY3d 1063 [2014]; cf. People v Montgomery, 22 AD3d 960, 962-963 [3d Dept 2005]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). We reject defendant's further contention that the sentence is unduly harsh and severe.
We have examined defendant's contentions in his pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court