People v Mason (2018 NY Slip Op 07944)





People v Mason


2018 NY Slip Op 07944


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7659 4733/13

[*1]The People of the State of New York, Respondent,
v
Shondel Mason, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered August 9, 2016, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of criminal possession of a weapon in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously affirmed.
The testimony of an analyst from the Office of the Chief Medical Examiner linking defendant's DNA to a sample found on a firearm recovered from the crime scene did not violate defendant's right of confrontation. The analyst's testimony amply established that she used her own "independent analysis of the raw data" to make the comparison, and the analysis was not
merely "a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315 [2016]; People v Rodriguez, 153 AD3d 235, 246-247 [1st Dept 2017], affd on other grounds 31 NY3d 1067 [2018]).
The testimony of the detective identifying defendant as one of the men depicted in surveillance videos and photographs provides no basis for reversal in light of the other evidence in this case (see People v Boyd, 151 AD3d 641, 641 [1st Dept 2017], lv denied 29 NY3d 1124 [2017]).
The court properly denied defendant's request to preclude several recorded phone calls he made from jail prior to trial. "Defendant impliedly consented to the recording of the call(s) based on his receipt of multiple forms of notice that his calls would be recorded, and he was not entitled to separate notice that the calls might be subpoenaed by prosecutors" (People v Holmes, 162 AD3d 585, 586 [1st Dept 2018]). Defendant abandoned his request for a voluntariness charge as to the phone calls (see People v Graves, 85 NY2d 1024, 1027 [1995]), and we decline to review it in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
DEPUTY CLERK