People v Adrian (2019 NY Slip Op 04454)





People v Adrian


2019 NY Slip Op 04454


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9534 2684N/11

[*1]The People of the State of New York, Respondent,
v
Robert Adrian, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), and Milbank, LLP, New York (Emily Lilburn of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered August 1, 2014, convicting defendant, after a jury trial, of conspiracy in the second degree, operating as a major trafficker, and criminal possession of a controlled substance in the first and third degrees, and sentencing him to an aggregate term of 15 years, unanimously affirmed.
The court properly admitted testimony referring to defendant as a person speaking in wiretapped conversations. There was circumstantial evidence that strongly connected defendant to at least one of three intercepted phones (see People v Lynes, 49 NY2d 286, 291-293 [1980]). A wiretap monitor testified, from personal knowledge, that he had become familiar with the recorded voices he heard, and that the same person was speaking on all three phones. In combination with the circumstantial evidence, this testimony supported the additional inference that it was defendant's voice on all these calls. Although it is undisputed that this witness could not identify the voice as belonging to defendant, the witness's reference to defendant by name was within this circumstantial context, and was harmless because it was clear to the jury from the evidence and the court's instructions that the witness was not actually identifying defendant's voice or rendering a lay opinion on that subject.
The court properly admitted evidence of a drug transaction as an uncharged overt act that occurred during the pendency of the charged conspiracy, even though the major overt acts took place at the end of the conspiracy. The indictment provided "sufficient detail about the scope and nature of the conspiracy and the major overt acts committed in furtherance of it" (People v Ribowsky, 77 NY2d 284, 293 [1991]), and the evidence supports a reasonable inference that the uncharged sale was "in furtherance of an ongoing conspiracy" (id.). Furthermore, defendant received sufficient notice that evidence of the uncharged act would be introduced.
We reject defendant's challenges to his conviction of operating as a major trafficker. This conviction was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). As relevant here, a person is guilty of operating as a major trafficker when, as a "profiteer" (Penal Law § 220.00[20]), the person "knowingly and lawfully possesses, on one or more occasions within six months or less, a narcotic drug with intent to sell the same," and the drugs have a total aggregate value of $75,000 or more (Penal Law § 220.77[3]). The evidence showed that defendant was a profiteer under Penal Law § 220.00(20)(b), because he was clearly part of a large international "controlled substance organization" (Penal Law § 220.00[18]) with many members, and because he gave orders to others, thereby exercising "managerial responsibility" (Penal Law § 220.20[20][b]). The evidence also showed that defendant was a profiteer under Penal Law § 220.20(20)(c), because he "arranged" or "planned" the execution of at least one transaction, and did not qualify for any of the exceptions set forth in that provision.
Defendant also challenges the major trafficker statute as unconstitutionally vague, both on its face and as applied (see People v Stuart, 100 NY2d 412, 420-421 [2003]). We find that the [*2]requirement that the drugs possessed be worth at least $75,000 does not make the statute unconstitutionally vague, because the value of illegal drugs is ascertainable and a person of ordinary intelligence would be able to determine from that aggregate dollar amount what the statute prohibits. As applied to the facts here, defendant unquestionably had fair notice that a drug transaction involving 43 kilograms of cocaine, with each kilogram being worth at least $30,000, was forbidden by the statute. Similarly, under the facts, defendant had fair notice that his conduct in managing or arranging drug transactions constituted being a profiteer. Because we reject defendant's as-applied vagueness challenge, "the facial validity of the statute is confirmed," because it would be "impossible for a defendant to establish the statute's unconstitutionality in all of its applications" (Stuart, 100 NY2d at 422-423).
The colloquy between the court and counsel after the court's charge fails to establish that defendant preserved his present claim that the court was required to define the term "controlled substance organization" (see People v Karabinas, 63 NY2d 871, 872 [1984], cert denied 470 US 1087 [1985]), and we decline to review this claim in the interest of justice. As an alternative holding, we find that any error in this regard was harmless, because there was overwhelming evidence of the existence of a controlled substance organization consisting of at least four persons, and no reasonable possibility that the jury could have found otherwise.
By objecting on different grounds from those raised on appeal, defendant failed to preserve his challenges to expert testimony explaining coded language in intercepted conversations and describing large-scale narcotics operations (see People v Graves, 85 NY2d 1024, 1026-1027 [1995]), and we decline to review them in the interest of justice. As an alternative holding, we find that the testimony about coded language did not exceed the limitations contained in People v Inoa (25 NY3d 466, 474 [2015]) and that the testimony about narcotics operations was beyond the knowledge of the typical juror.
We adhere to our prior decision in which we denied defendant's motion for disclosure of unredacted or sealed materials relating to warrant applications, and to our similar determination on a codefendant's appeal (People v Adrian-Reyes, 155 AD3d 537, 538 [1st Dept 2017], lv denied 31 NY3d 1011 [2018]). The value of appellate counsel's review of that
information is greatly outweighed by the continued risk to the informant (see People v Castillo, 80 NY2d 578, 583-584 [1992], cert denied 507 US 1033 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK