■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO GRACE, Appellant. [873 NYS2d 67]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered November 4, 2004, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to withdraw his plea, without granting the requests made by defendant and his attorney for substitution of counsel, and defendant was not deprived of his right to conflict-free representation (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). Defendant's claims of coercion and ineffective assistance were unsubstantiated, and were refuted by the record of the plea and the proceedings leading up to it, which establishes that there were extensive discus-

sions leading up to the plea, that defendant declined the court's offer of more time to confer with counsel or family members, and that defendant expressed satisfaction with counsel's representation. Accordingly, defendant's allegations did not require substitution of counsel (*see e.g. People v Senghor*, 248 AD2d 299 [1998], *lv denied* 92 NY2d 892 [1998], *lv denied* 92 NY2d 905 [1998]). Counsel's comments about his own actions did not provide any damaging factual information (*compare People v Rozzell*, 20 NY2d 712 [1967]), and there is no reasonable possibility that they contributed to the court's denial of the motion (*see e.g. People v Burgos*, 298 AD2d 190 [2002], *lv denied* 99 NY2d 580 [2003]; *People v Otero*, 282 AD2d 344, 345 [2001], *lv denied* 96 NY2d 905 [2001]). Counsel essentially provided information that the court already knew, such as that, prior to the plea, counsel possessed a transcript of a codefendant's trial. The record also establishes that counsel provided effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]). In this heinous murder case, counsel negotiated a disposition that was as favorable as possible under the circumstances, whereby the sentence would be concurrent with a lengthy existing sentence.

Defendant is not entitled to vacatur of his plea on the ground that the court did not inform him of the mandatory fees and surcharges. In view of the significant differences between these assessments and postrelease supervision, as explained by this Court in *People v Harris* (51 AD3d 523 [2008], *lv denied* 10 NY3d 935 [2008]), we conclude that the principles set forth in *People v Catu* (4 NY3d 242 [2005]) do not apply here. Information about fees and surcharges is not the type of information that is essential for a pleading defendant to have "in order to knowingly, voluntarily and intelligently choose among alternative courses of action" (*Catu* at 245). Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ.