THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER J. CAUFIELD, Appellant. [4 NYS3d 569]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered October 9, 2012. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the fourth degree (Penal Law § 155.30 [4]), defendant contends that his waiver of the right to appeal is not valid. We agree. "[T]he minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571 [2012], *lv denied* 19 NY3d 1024 [2012] [internal quotation marks omitted]). Moreover, the court "conflated the waiver of the right to appeal with the rights forfeited by defendant based on his guilty plea" (*People v Tate*, 83 AD3d 1467, 1467 [2011]; *cf. People v Boatman*, 110 AD3d 1463, 1463 [2013], *lv denied* 22 NY3d 1039 [2013]). Nevertheless, we affirm. Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]). In any event, that challenge is without merit because "there is no requirement that defendant recite the facts underlying the crime to which he is pleading guilty" (*People v Bailey*, 49 AD3d 1258, 1259 [2008], *lv denied* 10 NY3d 932 [2008]; *see People v Darling*, 125 AD3d 1279, 1280 [2015]). Present—Smith, J.P., Valentino, Whalen and DeJoseph, JJ.