■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVAREZ, Appellant. [39 NYS3d 434]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 21, 2012, as amended March 23, 2012, convicting defendant, upon his plea of guilty, of criminal sale of a firearm in the first and second degrees and criminal sale of a controlled substance in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 22 years, unanimously affirmed.

The court properly denied defendant's motion to reassign

counsel, made before defendant pleaded guilty, as defendant stated no grounds for counsel's removal other than defendant's dissatisfaction with the plea offer. Defense counsel did not act as a witness against defendant, when, in discussing the plea offer and his advice that defendant accept it, counsel referred to the apparent strength of the People's case (*see People v Nelson*, 27 AD3d 287 [1st Dept 2006], *affd* 7 NY3d 883 [2006]). Moreover, counsel's comments "essentially provided information that the court already knew" (*see People v Grace*, 59 AD3d 275, 276 [1st Dept 2009], *lv denied* 12 NY3d 816 [2009]).

Defendant's challenges to his plea allocution do not come within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375, 382 [2015]). Although defendant moved to withdraw his plea, he did so on other grounds, and the sentencing court properly denied that motion after sufficient inquiry (*see People v Frederick*, 45 NY2d 520 [1978]). We decline to review defendant's unpreserved claims in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made, even though the enumeration of defendant's rights under *Boykin v Alabama* (395 US 238 [1969]) was deficient (*see People v Sougou*, 26 NY3d 1052 [2015]).

Defendant made a valid waiver of his right to appeal, which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence. We have considered and rejected defendant's claim that a new sentencing proceeding is necessitated by an amendment of the judgment that was entirely in defendant's favor (*see People v Covington*, 88 AD3d 486, 486-487 [1st Dept 2011], *lv denied* 18 NY3d 858 [2011]). Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.