People v Martinez (2018 NY Slip Op 07856)





People v Martinez


2018 NY Slip Op 07856


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1080 KA 16-02182

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MIGUEL MARTINEZ, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered August 2, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06). Initially, we agree with defendant that his purported waiver of the right to appeal is invalid inasmuch as "[t]he minimal inquiry made by County Court was insufficient to establish that the court engage[d] . . . defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Caufield, 126 AD3d 1542, 1542 [4th Dept 2015] [internal quotation marks omitted]).
Defendant contends that the court erred in failing to assign him new counsel at sentencing. We reject that contention. "The record belies the contention of defendant that he requested new assigned counsel [at sentencing], and thus it cannot be said that the court erred in failing to conduct an inquiry to determine whether good cause was shown to substitute counsel" (People v Singletary, 63 AD3d 1654, 1655 [4th Dept 2009], lv denied 13 NY3d 839 [2009]; see People v Matthews, 142 AD3d 1354, 1355 [4th Dept 2016], lv denied 28 NY3d 1125 [2016]; cf. People v Dodson, 30 NY3d 1041, 1042 [2017]). In any event, even assuming, arguendo, that defendant's complaints concerning defense counsel "suggest[ed] a serious possibility of good cause for the substitution [of counsel] and thereby established a need for further inquiry" (People v Jones, 149 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1129 [2017] [internal quotation marks omitted]), we conclude that "the court afforded defendant the opportunity to express his objections concerning defense counsel, and the court thereafter reasonably concluded that defendant's objections were without merit" (People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]; see People v Porto, 16 NY3d 93, 101-102 [2010]; Singletary, 63 AD3d at 1654).
Contrary to defendant's related contention, we conclude that "[defense] counsel's statement[s], in response to . . . inquir[ies] from the court, that the sentence promise had been set forth clearly at the time of the plea[ and that defendant had previously been informed of his maximum sentencing exposure], [were] not adversarial' toward defendant . . . , [inasmuch as defense] counsel was simply reiterating what was already a matter of record, which was the court's own recollection as well" (People v Benitez, 290 AD2d 363, 365 [1st Dept 2002], lv denied 98 NY2d 673 [2002]; see People v Alvarez, 143 AD3d 543, 544 [1st Dept 2016], lv denied 28 NY3d 1142 [2017]; People v Burgos, 298 AD2d 190, 190 [1st Dept 2002], lv denied 99 NY2d 580 [2003]).
To the extent that the complaints made by defendant at sentencing could be construed as a [*2]motion to withdraw his plea, we note that the court implicitly rejected any such motion when it determined that defendant's complaints were belied by the record (see People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]) and that the court made its determination before defense counsel made a separate comment regarding the voluntariness of the plea that was adverse to defendant (cf. People v Mitchell, 21 NY3d 964, 966-967 [2013]), and we thus conclude that the record demonstrates that the court's rejection of any purported motion to withdraw the plea was not influenced by defense counsel's statements at sentencing (see People v Holmes, 145 AD3d 641, 642 [1st Dept 2016], lv denied 29 NY3d 949 [2017]; People v Carter-Doucette, 124 AD3d 1323, 1324 [4th Dept 2015], lv denied 25 NY3d 988 [2015]; People v Thaxton, 309 AD2d 1255, 1256 [4th Dept 2003], lv denied 1 NY3d 581 [2003]; Burgos, 298 AD2d at 190).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). Finally, inasmuch as the uniform sentence and commitment form incorrectly reflects that defendant was sentenced as a second felony offender, it must be amended to reflect that he was actually sentenced as a second felony drug offender previously convicted of a violent felony offense (see People v Oberdorf, 136 AD3d 1291, 1292-1293 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court