■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD PIERRE, Appellant. [845 NYS2d 547]—

Mugglin, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered January 17, 2007, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to 5 to 10 years in prison. On the occasion of his first appeal, defendant's sentence was vacated due to the People's failure to file a second felony offender statement as required by CPL 400.21 (8 AD3d 904 [2004], *lv denied* 3 NY3d 710 [2004]). Upon remittal for resentencing, the People submitted the requisite second felony offender statement and defendant admitted the

allegations contained therein. Defendant, however, also informed County Court, through counsel, that he "intends to challenge the constitutionality of the conviction . . . just acknowledged" (30 AD3d 897 [2006]), but County Court made no further inquiry into defendant's assertion and resentenced him, as a second felony offender, to 5 to 10 years in prison. Due to County Court's failure to inquire into the nature of defendant's challenge or afford him the opportunity to explain it, the matter was again remitted to County Court for redetermination of his second felony offender status and resentencing (id.).

Upon remittal, County Court convened a hearing into defendant's second felony offender status and defendant's challenge to the constitutionality of his prior conviction. In the papers submitted to County Court, defendant asserted that he did not receive the effective assistance of counsel during the prosecution of his previous felony conviction. Following the hearing, County Court determined that defendant received the effective assistance of counsel on the occasion of his previous conviction and thereafter resentenced him to 5 to 10 years in prison. Defendant now appeals.

Pursuant to CPL 400.21, the People bear the initial burden of proving beyond a reasonable doubt the existence of a previous felony conviction (see People v Harris, 61 NY2d 9, 15 [1983]). "Once the fact of the prior conviction has been established, it is then incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained" (id. [citation omitted]). Here, the certificate of conviction filed by the People—and received without objection—satisfied their burden of proving the existence of the previous felony conviction. The burden was then upon defendant to allege and prove that his previous conviction was unconstitutionally obtained. Upon review of the record, the only basis for defendant's claim warranting extended discussion is his assertion that he informed counsel of his desire to file an appeal but no appeal was filed. In support of this claim, defendant presented only an assertion in an affidavit that he was informed of his right to appeal by County Court and that "even though [defendant] told [counsel] [he] wanted to appeal, [counsel] did not file a Notice of Appeal." Defendant presented no other proof and, although County Court offered him the opportunity to do so, he declined to take the stand at the hearing, or to call witnesses or present any other proof. Under these circumstances, we find defendant's self-serving affidavit, without more, insufficient to satisfy his burden and overcome "the presumptions of the validity and regularity of the previous felony conviction[]"

(*id.* at 16; *see People v Wheeler*, 7 AD3d 281, 281 [2004], *lv denied* 3 NY3d 683 [2004]).

Furthermore, we note that there is no evidence in the record that, once it became clear to defendant that his attorney had not filed a notice of appeal of the conviction at issue—the right to which defendant admits he was informed by County Court, along with the 30-day time limit—defendant made any effort to pursue an appeal, including by request for an extension of the time to file pursuant to CPL 460.30. Such circumstance limits the persuasiveness of defendant's present assertion that he wanted to appeal his conviction and that he communicated this desire to counsel, and that, as a result, his counsel was ineffective (*see People v McDonough*, 87 AD2d 727, 727 [1982]). Thus, inasmuch as defendant failed to prove that his previous conviction was unconstitutionally obtained, we affirm defendant's resentence.

Defendant's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.