Appeal by the defendant, as limited by his brief, from a *696 sentence of the Supreme Court, Kings County (Collini, J.), imposed May 19, 2005, upon his conviction of criminal possession of a controlled substance in the third degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment of 4x/2 to 9 years as a second felony offender.
Ordered that the sentence is reversed, on the law, the adjudication of the defendant as a second felony offender is vacated, and the matter is remitted to Supreme Court, Kings County, for resentencing of the defendant in accordance herewith before a different Justice.
Following the defendant’s plea of guilty to criminal possession of a controlled substance in the third degree, the People served and filed a statement pursuant to CPL 400.21 alleging that the defendant had been subjected to a predicate felony conviction in the United States District Court for the Eastern District of Pennsylvania. The defendant did not deny the conviction but claimed that it had been unconstitutionally obtained because, when he pleaded guilty, he had been under the influence of drugs and had said so to the federal judge in open court during the transcribed plea proceeding. The defendant stated that he requested a copy of the minutes of the proceeding to support his claim. The court adjourned the matter for eight days for a hearing.
On the adjourned date, the defendant reported that he had not yet received the minutes. The court, however, revealed that its chambers had contacted the defendant’s attorney in the prior federal case and had received a letter from that attorney stating that, to the best of his recollection, the defendant had been incarcerated at the time of the federal plea of guilty and was not under the influence of any drugs or alcohol. Additionally, the court disclosed that its chambers had contacted the federal judge who had taken the defendant’s plea. According to the court, the federal judge said that, to his recollection, when the defendant pleaded guilty, he had not been under the influence of alcohol, drugs, or anything else. The court announced that it found that “the Federal Court Judge was credible and the Federal Defender was credible,” but that the defendant was “incredible.” Accordingly, based on what it termed “overwhelming evidence,” the court rejected the defendant’s claim, adjudicated him a second felony offender, and imposed sentence. On appeal, the defendant contends that he was not properly adjudicated a second felony offender. We agree.
CPL 400.21 prescribes the procedure for determining whether a defendant is a second felony offender. Where a defendant controverts an allegation necessary to support a finding that he *697 or she has been subjected to a predicate felony conviction, the court must hold a hearing at which the People bear the burden of proving beyond a reasonable doubt “by evidence admissible under the rules applicable to a trial of the issue of guilt” that the “defendant has been subjected to such a predicate felony conviction” (CPL 400.21 [7] [a]). Because the statute provides that “[a] previous conviction . . . which was obtained in violation of the rights of the defendant under the . . . constitution of the United States must not be counted in determining whether the defendant has been subjected to ... a predicate felony conviction” (CPL 400.21 [7] [b]), a defendant may oppose a second felony offender adjudication by asserting that the prior conviction was unconstitutionally obtained. Where such an assertion is made, however, it is the defendant’s burden to allege and prove the facts underlying the claim with substantial evidence sufficient to overcome the presumptions of the validity and regularity of the prior conviction (see People v Harris, 61 NY2d 9, 15-16 [1983]; People v Pierre, 45 AD3d 1056 [2007]).
Here, the defendant proposed to carry his burden by presenting the transcribed minutes of his federal plea proceeding which, he claimed, would show that his conviction had been unconstitutionally obtained because his plea was accepted despite his on-the-record statement that he was under the influence of drugs. The court did not reject his claim on the ground that such a plea would nevertheless be constitutional or that the defendant had unreasonably delayed in producing the minutes. Instead, the court rejected the defendant’s claim based on the reported results of its own investigation and the information privately provided to it by a federal judge and a defense attorney. This was improper. Moreover, in addition to the fact that the defendant had no opportunity to confront the federal judge or his prior attorney, to the extent that their statements were considered by the court to prove the truth of the assertion that the defendant was not under the influence of drugs at the time of his federal plea, the statements were hearsay and not, as required by the applicable statute, “evidence admissible under the rules applicable to a trial of the issue of guilt” (CPL 400.21 [7] [a]).
Accordingly, the sentence must be reversed and the matter remitted to the Supreme Court, Kings County, for a new predicate felony hearing and resentence before a different Justice. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.