THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVERNE SINGLETARY, Appellant. [880 NYS2d 829]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered June 23, 2005. The judgment convicted defendant, upon a jury verdict, of attempted burglary in the third degree, attempted assault in the third degree and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), defendant contends that reversal is warranted based on County Court's mishandling of his complaints concerning his second attorney. We reject that contention. The record belies the contention of defendant that he requested new assigned counsel, and thus it cannot be said that the court erred in failing to conduct an inquiry to determine whether good cause was shown to substitute counsel (*see People v La Bar*, 16 AD3d 1084 [2005], *lv denied* 5 NY3d 764 [2005]; *cf. People v Sides*, 75 NY2d 822, 824-825 [1990]). Even assuming, arguendo, that defendant's complaints " 'suggest[ed] a serious possibility of good cause for substitution' requiring a need for further inquiry" (*People v Reese*, 23 AD3d 1034, 1035 [2005], *lv denied* 6 NY3d 779 [2006]), we conclude that the court afforded defendant the opportunity to express his objections concerning his second attorney, and the court thereafter " 'reasonably concluded that defendant's . . . objections had no merit or substance' " (*id.* at 1035; *see People v Linares*, 2 NY3d 507, 511 [2004]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Fahey, Carni and Green, JJ.