# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**603**

**KA 11-00375**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

SHAWN G. GRANGER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 26, 2010.  The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts), criminal use of drug paraphernalia in the second degree (two counts), driving while ability impaired by drugs, suspended registration, operating a motor vehicle without insurance, speeding (two counts), criminal possession of marihuana in the second degree, reckless driving, leaving the scene of a property damage accident, failure to keep right, criminal possession of a controlled substance in the seventh degree (two counts), and unlawful possession of marihuana (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment convicting him upon his guilty plea of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and various other drug-related offenses.  In appeal No. 2, he appeals from a judgment convicting him upon his guilty plea of, inter alia, criminal possession of a controlled substance in the third degree (§ 220.16 [1]), assault in the second degree (§ 120.05 [3]), and harassment in the second degree (§ 240.26 [1]).

Addressing first appeal No. 2, we note that defendant challenges the sufficiency of the plea allocution with respect to assault in the second degree on the ground that he denied having struck the arresting police officer with his fist, which thereby negated an element of the crime.  Because defendant did not move to withdraw his plea or to vacate the judgment of conviction, defendant's contention is unpreserved for our review (*see People v Lopez*, 71 NY2d 662, 665; *People v Jackson*, 90 AD3d 1692, 1693, *lv denied* 18 NY3d 958).  In any

event, although defendant stated during the plea colloquy that he "never struck" the arresting officer, we conclude that County Court made the proper further inquiry in accordance with *Lopez* (71 NY2d at 666) and elicited from defendant an admission that, after intentionally resisting arrest, his body came into contact with the officer's body. Defendant further admitted that, as a result of his struggle with the officer, the officer sustained an injury to his knee that caused him substantial pain or impaired his physical condition. The mere fact that defendant denied having struck the officer is immaterial because intent to cause injury is not an element of assault in the second degree under section 120.05 (3). In addition, we note that the People did not allege that the physical injury sustained by the officer resulted from the punch allegedly thrown by defendant. Although defendant's denial that he punched the officer may have negated an element of harassment in the second degree, defendant does not challenge the sufficiency of his plea to that noncriminal offense.

Defendant contends in both appeals that he was deprived of his right to effective assistance of counsel based upon his attorney's failure to pursue his motions to suppress evidence obtained from his person and his vehicle. To the extent that defendant's contention survives his guilty pleas, i.e., to the extent defendant contends that "his plea[s were] infected by the alleged ineffective assistance" (*People v Culver*, 94 AD3d 1427, 1427 [internal quotation marks omitted]), we conclude that defendant received meaningful representation. Defense counsel negotiated advantageous plea agreements, and defendant made a strategic decision to accept the plea offers before the court ruled on his suppression motions (*see generally People v Ford*, 86 NY2d 397, 404). Finally, we reject defendant's challenge to the severity of the sentence, particularly in view of the fact that he was eligible to be sentenced as a persistent felony offender and faced consecutive sentences on five separate felony charges.

Entered:  June 29, 2012                          Frances E. Cafarell
                                                 Clerk of the Court