# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

535

KA 13-00449

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JONATHAN MORRIS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TYSON BLUE, MACEDON, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered November 20, 2012. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his guilty plea of rape in the third degree (Penal Law § 130.25 [2]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon his guilty plea of, inter alia, attempted burglary in the second degree (§§ 110.00, 140.25 [2]) as a lesser included offense of burglary in the second degree, charged in count one of the indictment.

Defendant contends in appeal No. 1 that he was deprived of the right to effective assistance of counsel based upon defense counsel's abandonment of a suppression motion that defense counsel had previously filed. To the extent that defendant's contention survives his guilty plea, i.e., to the extent that defendant contends that "his plea was infected by the alleged ineffective assistance" (*People v Culver*, 94 AD3d 1427, 1427, *lv denied* 19 NY3d 1025 [internal quotation marks omitted]), we conclude that it is without merit. Defendant has failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's decision not to pursue the suppression motion (*see People v Webb*, 92 AD3d 1268, 1269). We conclude that defense counsel provided meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404).

In appeal No. 2, defendant contends that County Court erred in denying his motion to dismiss count one of the indictment, charging burglary in the second degree, because the People failed to allege an

essential element of the crime, namely, that he had entered the dwelling "unlawfully" (Penal Law § 140.25 [2]). We reject that contention. That count of the indictment specifically referred to Penal Law § 140.25 (2) and, thus, the People's failure to allege that defendant entered the dwelling "unlawfully" does not constitute a jurisdictional defect requiring dismissal of that count (*see People v Wright*, 67 NY2d 749, 750; *People v Shanley*, 15 AD3d 921, 922, *lv denied* 4 NY3d 856).

Finally, the sentence in each appeal is not unduly harsh or severe.

Entered: May 9, 2014                                    Frances E. Cafarell
                                                        Clerk of the Court