■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS A. HERRERA, Appellant. [30 NYS3d 290]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered December 11, 2013, convicting him of aggravated vehicular homicide (eight counts) and operating a motor vehicle at an unsafe speed in violation of Vehicle and Traffic Law § 1180 (a), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the early morning hours of November 17, 2012, the defendant and his wife were involved in a fatal automobile accident when the vehicle in which they were traveling well above the posted speed limit careened into two parked vehicles and flipped over, coming to rest upside down on its roof. The defendant's wife died as a result of the blunt force impact injuries she sustained in the accident, while the defendant suffered only minor injuries. An analysis of the defendant's blood showed that he was intoxicated at the time of the accident, and he tested positive for marijuana and cocaine. He had a suspended driver's license due to a prior conviction for driving while ability impaired by drugs. Although the defendant told law enforcement officials that his wife was driving the subject

vehicle at the time of the accident, the defendant was nonetheless indicted and then convicted of, inter alia, eight counts of aggravated vehicular homicide, based upon circumstantial evidence that he was the driver of the subject vehicle at the time of the accident.

At trial, the People offered evidence that the damage to the right side of the vehicle was significant, while the damage to the left side of the vehicle was minimal. This corresponded to evidence that the defendant's wife sustained significant injuries on the right side of her body, while the defendant sustained only minor cuts and bruises as a result of the accident. The medical examiner opined that the wife died from blunt impact injuries, including blunt impact to the right side of her head and a fractured right femur, and that the left side of her body was largely uninjured. The People also offered DNA evidence found in three different blood stains on the passenger air bag, all of which matched the wife's DNA, as well as DNA evidence from other items in the vehicle which supported the People's contention that the defendant was the driver and his wife was the passenger.

In addition, the People offered the testimony of two witnesses who saw the defendant removing his wife, torso first, from the driver's side of the flipped over car. One of these witnesses testified that the wife's feet were on the passenger side of the car, and that the defendant was pulling his wife across the ceiling of the upside down car and out through the broken driver's side window. The People also offered evidence that the police found a woman's wig on the outside of the passenger side of the vehicle, as well as a woman's boot stuck in the floorboard of the passenger side of the car. The passenger side floorboard had buckled from impact with such force that removal of the boot required the fire department to cut off the front passenger door and use a piece of heavy equipment known as the "jaws of life" to spread the folded area of the floorboard. The boot retrieved from the passenger side floorboard matched a boot retrieved from the defendant's wife at the hospital.

The defendant presented two witnesses at the trial who testified that, in the past, they had observed the defendant's wife drive the vehicle.

The defendant's contention that the trial court improperly allowed certain witnesses to offer an opinion as to the ultimate issue in the case—who was driving the subject vehicle at the time of the accident—is partially unpreserved for appellate review (see CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, even without reference to the disputed

testimony, there was overwhelming evidence that the defendant was the driver, and there is no significant probability that any errors in this regard might have contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230 [1975]). Accordingly, any errors were harmless.

The defendant's contention that the convictions were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Almanzar*, 57 AD3d 686 [2008]; *People v Nesbitt*, 41 AD3d 866 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the convictions. Moreover, in fulfilling our responsibility to conduct an independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.