THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY GRAHAM, Appellant. [62 NYS3d 665]—

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 11, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree and rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [2]) and rape in the third degree (§ 130.25 [2]). Defendant contends that Supreme Court failed to make a minimal inquiry into his requests for new counsel, and that he showed good cause for substitution. We reject that contention. A defendant may be entitled to new assigned counsel "upon showing 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d 822, 824 [1990]). Where a defendant makes a "seemingly serious request[ ]" for new assigned counsel, the court is obligated to "make some minimal inquiry" (*id.* at 824-

825; *see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Gibson*, 126 AD3d 1300, 1301-1302 [2015]). Here, the record establishes that "the court afforded defendant the opportunity to express his objections concerning defense counsel, and the court thereafter reasonably concluded that defendant's objections were without merit" (*People v Bethany*, 144 AD3d 1666, 1669 [2016], *lv denied* 29 NY3d 996 [2017]).

We reject defendant's contention that the court erred in refusing to suppress the statements and the DNA sample that he gave to the police. We agree with the court that defendant was not in custody when he gave statements to the police and thus *Miranda* warnings were not required (*see People v McGuay*, 120 AD3d 1566, 1567 [2014], *lv denied* 25 NY3d 1167 [2015]; *see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Defendant voluntarily drove himself to the police station, was not handcuffed or restrained in any way while at the station, was advised he could leave at any time, and was allowed to go home after only approximately half an hour of questioning (*see People v Brown*, 111 AD3d 1385, 1385-1386 [2013], *lv denied* 22 NY3d 1155 [2014]). We further agree with the court that defendant voluntarily agreed to give a DNA sample (*see People v Parker*, 133 AD3d 1300, 1300 [2015], *lv denied* 27 NY3d 1154 [2016], *denied reconsideration* 28 NY3d 1030 [2016]; *People v Dallas*, 119 AD3d 1362, 1363 [2014], *lv denied* 24 NY3d 1083 [2014]). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.