People v Muhammad (2020 NY Slip Op 01753)





People v Muhammad


2020 NY Slip Op 01753


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


183 KA 18-01176

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHAD J. MUHAMMAD, DEFENDANT-APPELLANT. 






KATHRYN B. FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered April 13, 2018. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child (two counts) and rape in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault against a child (Penal Law § 130.96) and rape in the second degree (§ 130.30 [1]). Defendant contends that County Court erred in refusing to suppress the DNA evidence because the police interview during which defendant agreed to provide a DNA sample was coercive and the police officers failed to advise defendant that he had the right to refuse to provide that sample. We reject that contention. Even though one of the police officers lied and used some deceptive methods in questioning defendant, " the deception was not so fundamentally unfair as to deny due process . . . [and] was not so extensive as to . . . overcome [] defendant's will' " (People v Henry, 173 AD3d 1470, 1478 [3d Dept 2019], lv denied 34 NY3d 932 [2019]; see People v Andrus, 77 AD3d 1283, 1284 [4th Dept 2010], lv denied 16 NY3d 827 [2011]). Moreover, although the police officers did not advise defendant of his right to refuse consent to providing a DNA sample, that fact " does not, by itself, negate the consent otherwise freely given' " (People v Osborne, 88 AD3d 1284, 1285 [4th Dept 2011], lv denied 19 NY3d 999 [2012], reconsideration denied 19 NY3d 1104 [2012]; see People v Parker, 133 AD3d 1300, 1301 [4th Dept 2015], lv denied 27 NY3d 1153 [2016], reconsideration denied 28 NY3d 1030 [2016]). Further, the record establishes that, in response to defendant's question, one of the officers admitted to defendant that they did not have court papers requiring defendant to provide a DNA sample, but defendant nevertheless consented to the taking of a sample. We conclude that the totality of the circumstances demonstrates that defendant's consent was voluntary and not the product of coercion (see People v Graham, 153 AD3d 1634, 1635 [4th Dept 2017], lv denied 30 NY3d 1060 [2017]; see also People v Jemes, 132 AD3d 1361, 1362 [4th Dept 2015], lv denied 26 NY3d 1110 [2016]; People v Dail, 69 AD3d 873, 874 [2d Dept 2010], lv denied 14 NY3d 839 [2010]).
We also reject defendant's contention that the court erred in denying his requests for new counsel. The court made extensive inquiries into defendant's requests, but defendant failed to show good cause for substitution inasmuch as his complaints were not "serious complaints about counsel" (People v Jones, 149 AD3d 1576, 1577 [4th Dept 2017], lv denied 29 NY3d 1129 [2017] [internal quotation marks omitted]; see generally People v Porto, 16 NY3d 93, 100 [2010]). Rather, defendant's complaints were disagreements over strategy, which are not sufficient grounds for substitution (see People v Bradford, 118 AD3d 1254, 1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]; People v Welch, 2 AD3d 1354, 1355 [4th Dept 2003], lv denied 2 NY3d 747 [2004]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court