People v Brown (2021 NY Slip Op 07447)





People v Brown


2021 NY Slip Op 07447


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1079 KA 20-00144

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRAMMELL BROWN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ERIC SUN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered January 2, 2020. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that he was coerced into pleading guilty by County Court. That contention is unpreserved for our review inasmuch as defendant failed to move to withdraw the plea or to vacate the judgment of conviction (see People v Rockwell, 137 AD3d 1586, 1586 [4th Dept 2016]; see generally People v Ali, 96 NY2d 840, 841 [2001]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We reject defendant's contention that the court failed to conduct a minimal inquiry into his requests for new counsel. "[A] defendant may be entitled to new assigned counsel upon showing 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (People v Sides, 75 NY2d 822, 824 [1990]; see People v Medina, 44 NY2d 199, 207 [1978]). "Where a defendant makes a 'seemingly serious request[]' for new assigned counsel, the court is obligated to 'make some minimal inquiry' " (People v Graham, 153 AD3d 1634, 1635 [4th Dept 2017], lv denied 30 NY3d 1060 [2017], quoting Sides, 75 NY2d at 824-825). Here, the court "afforded defendant the opportunity to express his objections concerning [defense counsel], and . . . thereafter reasonably concluded that defendant's . . . objections had no merit or substance" (People v Singletary, 63 AD3d 1654, 1654 [4th Dept 2009], lv denied 13 NY3d 839 [2009] [internal quotation marks omitted]; see Graham, 153 AD3d at 1635).
We further conclude that defendant's sentence is not unduly harsh or severe.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court