People v Kirkey (2024 NY Slip Op 06478)

People v Kirkey

2024 NY Slip Op 06478

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

854 KA 23-01118

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER KIRKEY, DEFENDANT-APPELLANT. 

JAMES ECKERT, ROCHESTER, FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered May 25, 2023. The judgment convicted defendant upon a jury verdict of driving while intoxicated (two counts), driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, aggravated vehicular homicide, vehicular manslaughter in the first degree, and manslaughter in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of driving while intoxicated as a misdemeanor (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [b] [i]), one count of aggravated vehicular homicide (Penal Law § 125.14 [4]), and two counts of manslaughter in the second degree (§ 125.15 [1]).
Defendant contends that the verdict is against the weight of the evidence with respect to defendant's identity as the driver of the vehicle that crashed into a bridge abutment and ended up submerged in a creek, killing the other two occupants of the vehicle, a male and a female. The evidence at trial established that the vehicle belonged to defendant, and testimony and video surveillance showed him driving the vehicle approximately 10 minutes before the accident occurred (see generally People v Kenny, 283 AD2d 950, 951 [4th Dept 2001], lv denied 96 NY2d 903 [2001]). After the accident, defendant was found on the bank of the creek on the driver's side of the vehicle, and the front driver's side door was open. The female occupant was found still buckled in the front passenger seat, and the body of the male occupant was recovered from the creek the following morning. The front right side of the vehicle struck the bridge abutment, and a reconstruction expert testified that such an impact would have accelerated the occupants of the vehicle toward the direction of that force. The evidence established that, although airbags in the vehicle had deployed, the vehicle's steering wheel was bent forward on the right side. The expert explained that, in light of how the steering wheel was bent, the driver could have sustained injuries to their left side from hitting the steering wheel. The female and male occupants sustained right-side injuries, and defendant sustained injuries to his chest and left side (see People v Pascuzzi, 173 AD3d 1367, 1372-1373 [3d Dept 2019], lv denied 34 NY3d 953 [2019]; People v Herrera, 138 AD3d 1141, 1142-1143 [2d Dept 2016], lv denied 28 NY3d 971 [2016]).
There was also testimony from a witness that the male occupant did not drive and that defendant would not let anyone borrow his vehicle. Additionally, swabbings from the steering wheel and subsequent DNA analysis showed two male contributors, with the major contributor being defendant and the male occupant being excluded as a possible contributor. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to defendant's identity as the driver of the vehicle (see People v Maricevic, 52 AD3d 1043, 1046 [3d Dept 2008], lv denied 11 NY3d 790 [2008]; see generally People v Bleakley, 69 [*2]NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant next contends that he was denied an effective summation when County Court sustained the People's objection and held that it agreed that defense counsel had mischaracterized a witness's testimony. That contention is unpreserved for our review inasmuch as defendant did not object to the court's ruling or comments as depriving him of his right to an effective summation (see People v Gordon, 181 AD3d 1299, 1300 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]). In any event, his contention is without merit inasmuch as defense counsel had mischaracterized the witness's testimony regarding whether the male occupant's facial injuries were consistent with injuries sustained from an airbag (see People v Bistonath, 216 AD2d 478, 479 [2d Dept 1995], lv denied 86 NY2d 790 [1995]; see generally People v Smith, 16 NY3d 786, 787-788 [2011]; People v Ashwal, 39 NY2d 105, 109 [1976]). In addition, defense counsel was not prevented from making the general argument that an airbag could not be excluded as a possible cause of the male occupant's facial injuries (see People v Kimmy, 137 AD3d 1723, 1723-1724 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]).
Defendant's contention that two instances of prosecutorial misconduct during summation denied him a fair trial is not preserved for our review (see People v Moorhead, 224 AD3d 1225, 1227 [4th Dept 2024], lv denied 41 NY3d 1003 [2024]; People v King, 224 AD3d 1313, 1314 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]). In any event, we conclude that defendant's contention is without merit inasmuch as the alleged instances of prosecutorial misconduct constituted fair comment on the evidence (see People v Townsend, 171 AD3d 1479, 1481 [4th Dept 2019], lv denied 33 NY3d 1109 [2019]). Moreover, even assuming, arguendo, that the prosecutor mischaracterized the testimony, we conclude that the prosecutor's remarks were not so pervasive or egregious as to deny defendant a fair trial (see People v Williams, 228 AD3d 1249, 1249-1250 [4th Dept 2024]; King, 224 AD3d at 1314; People v Longo, 212 AD3d 471, 472 [1st Dept 2023], lv denied 40 NY3d 935 [2023]).
Defendant further contends that he was denied effective assistance of counsel. Contrary to defendant's contention, a review of the voir dire transcript in totality does not support his claim that defense counsel permitted defendant himself to choose the jury (see People v Richardson, 143 AD3d 1252, 1254-1255 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; cf. People v McKenzie, 142 AD3d 1279, 1280 [4th Dept 2016]) or that defense counsel was not actively participating in the process (cf. People v Bell, 48 NY2d 933, 934 [1979], rearg denied 49 NY2d 802 [1980]). We further reject defendant's claim that defense counsel was ineffective in failing to offer a legal basis for seeking the admission of certain allegedly exculpatory statements made by defendant or in failing to object when the court stated that defense counsel had mischaracterized certain testimony during summation. It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Defendant's allegedly exculpatory statements were self-serving and constituted inadmissible hearsay (see People v Moses, 197 AD3d 951, 954 [4th Dept 2021], lv denied 37 NY3d 1097 [2021], reconsideration denied 37 NY3d 1163 [2022]) and, as noted above, defense counsel had indeed mischaracterized a witness's testimony in summation.
We reject defendant's further claim that defense counsel mishandled the issue of DNA evidence and was ineffective in eliciting certain testimony of a witness on cross-examination. " '[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1988], quoting People v Rivera, 71 NY2d 705, 709 [1988]), and defendant failed to meet that burden here (see People v Francis, 206 AD3d 1605, 1606 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]; People v Conley, 192 AD3d 1616, 1620 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]). In addition, inasmuch as we conclude that there was no prosecutorial misconduct during summation, we further conclude that defense counsel was not ineffective for failing to object to the alleged improprieties (see Townsend, 171 AD3d at 1481). We have reviewed the remaining claims of ineffective assistance of counsel, and we conclude that, because "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional [*3]requirement [has] been met" (People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's contention that the court erred in not making an inquiry into defendant's complaints about defense counsel at the close of the People's proof. Although defendant made complaints about the proof that was introduced or not introduced, defendant did not request new counsel and thus "it cannot be said that the court erred in failing to conduct an inquiry to determine whether good cause was shown to substitute counsel" (People v Singletary, 63 AD3d 1654, 1654 [4th Dept 2009], lv denied 13 NY3d 839 [2009]; see People v Martinez, 166 AD3d 1558, 1558-1559 [4th Dept 2018]). In any event, " 'the court afforded defendant the opportunity to express his objections concerning defense counsel, and the court thereafter reasonably concluded that defendant's objections were without merit' " (Martinez, 166 AD3d at 1559; see Singletary, 63 AD3d at 1654).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court