People v Michel (2025 NY Slip Op 05601)

People v Michel

2025 NY Slip Op 05601

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND HANNAH, JJ.

723 KA 18-00922

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERBIE D. MICHEL, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered February 16, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a forged instrument in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the first degree (Penal Law § 170.30). Preliminarily, as the People correctly concede, defendant's waiver of the right to appeal is invalid because Supreme Court's colloquy and the written waiver "used overbroad language that mischaracterized the waiver as an absolute bar to the taking of an appeal" (People v Terry, 217 AD3d 1582, 1582 [4th Dept 2023], lv denied 40 NY3d 1041 [2023] [internal quotation marks omitted]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant's contention that he was denied effective assistance of counsel because defense counsel did not advise him that he was ineligible for participation in the judicial diversion program relies on matters outside the record on appeal and must therefore be raised by motion pursuant to CPL 440.10 (see People v Chavis, 218 AD3d 1368, 1370 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]; People v Vail, 174 AD3d 1365, 1366 [4th Dept 2019]). With respect to defendant's claim that defense counsel was ineffective in allowing defendant to plead guilty before the court issued its suppression ruling, defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's decision not to await the suppression ruling before defendant accepted the plea offer (see People v Morris, 117 AD3d 1580, 1580-1581 [4th Dept 2014]; People v Granger, 96 AD3d 1667, 1668 [4th Dept 2012], lv denied 19 NY3d 1102 [2012]). We conclude that the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's contention that the court failed to conduct a minimal inquiry into his requests for new counsel. "[A] defendant may be entitled to new assigned counsel upon showing 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (People v Sides, 75 NY2d 822, 824 [1990]; see People v Medina, 44 NY2d 199, 207 [1978]). "Where a defendant makes a 'seemingly serious request[ ]' for new assigned counsel, the court is obligated to 'make some minimal inquiry' " (People v Graham, 153 AD3d 1634, 1634 [4th Dept 2017], lv denied 30 NY3d 1060 [2017], quoting Sides, 75 NY2d at 824-825; see People v Williams, 235 AD3d 1245, 1247 [4th Dept 2025], lv denied 43 NY3d 1059 [2025]). Here, the court "afforded defendant the opportunity to express his objections concerning [defense counsel], and . . . thereafter reasonably concluded that defendant's . . . objections had no merit or substance" (People v Singletary, 63 AD3d 1654, 1654 [4th Dept [*2]2009], lv denied 13 NY3d 839 [2009] [internal quotation marks omitted]; see Williams, 235 AD3d at 1247; Graham, 153 AD3d at 1635).
We reject defendant's contention that the court erred in sentencing him as a second felony offender. In the context of a hearing conducted pursuant to CPL 400.21, the People have the burden of proving beyond a reasonable doubt the existence of the previous felony conviction and, once they have met that burden, "it is then incumbent upon the defendant to allege and prove facts underlying [a] claim [by the defendant] that the conviction was unconstitutionally obtained" (People v Harris, 61 NY2d 9, 15 [1983]). Upon our review of the record, we conclude that defendant failed to establish that the plea giving rise to the prior felony conviction was obtained unconstitutionally (see CPL 400.21 [7] [b]; Harris, 61 NY2d at 15; People v Thompson, 107 AD3d 1609, 1610-1611 [4th Dept 2013], lv denied 22 NY3d 959 [2013]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court