People v Encarnacion (2025 NY Slip Op 06558)

People v Encarnacion

2025 NY Slip Op 06558

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CR-23-1399
[*1]The People of the State of New York, Respondent,
v
Samuel Encarnacion, Appellant.

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Clinton County (William Favreau, J.), rendered December 7, 2022, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In December 2020, defendant, an incarcerated individual, was charged by indictment with two counts of promoting prison contraband in the first degree and two counts of criminal possession of a weapon in the third degree. Defendant subsequently pleaded guilty to a lesser charge of attempted promoting prison contraband in the first degree (see Penal Law §§ 110.00, 205.25 [2]) in full satisfaction of the indictment, with the understanding that he would controvert his status as a second felony offender. The People then filed a statement of predicate felony conviction and a certificate of conviction, reflecting that defendant had been convicted of, among other crimes, murder in the second degree in 2007 (see People v Encarnacion, 87 AD3d 81 [1st Dept 2011], lv denied 17 NY3d 952 [2011]). As anticipated, defendant controverted this status. County Court rejected his argument that the predicate felony conviction was unconstitutionally obtained and found him to be a second felony offender. The court then sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years, to run consecutive to the sentence he is currently serving. Defendant appeals.
Defendant's sole contention on appeal is that County Court improperly sentenced him as a second felony offender.[FN1] Pursuant to CPL 400.21, "[a] defendant may be sentenced as a second felony offender if the prosecution demonstrates beyond a reasonable doubt that the defendant was previously convicted of a felony. Once the fact of the prior conviction has been established, it is then incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained" (People v Weiss, 99 AD3d 1035, 1038-1039 [3d Dept 2012] [internal quotation marks and citations omitted], lv denied 20 NY3d 1015 [2013]; see People v Michel, ___ AD3d ___, ___, 2025 NY Slip Op 05601, *2 [4th Dept 2025]; People v Gray, 217 AD3d 882, 883 [2d Dept 2023], lv denied 40 NY3d 1012 [2023]; cf. People v Hoyt, 209 AD3d 1112, 1113 [3d Dept 2022]). Insofar as defendant's arguments go to whether he demonstrated that his prior conviction was unconstitutionally obtained, there is no dispute that the People met their initial burden of establishing defendant's prior felony conviction.
At the hearing, defendant testified that during the prosecution of his 2007 conviction, he was represented by an attorney named Roy Schwartz. Approximately two weeks prior to trial, and more than two years after arraignment, defendant was ordered to undergo DNA testing and was brought in for that to take place. However, according to defendant, Schwartz was out of town at the time and another individual appeared on his behalf, who characterized himself to be Schwartz's law partner [*2]and provided the name Joseph Colloza. That individual directed defendant to undergo the ordered DNA testing, which defendant did unwillingly. The results of the DNA test were later used during trial, and defendant was ultimately convicted. Upon appeal, defendant challenged the alleged deprivation of his right to confront witnesses related to the DNA analysis, however he did not challenge the constitutionality of the search itself and, therefore, no inquiry was made as to that issue. Ten years later, while preparing a motion to set aside his 2007 conviction, defendant communicated with Schwartz, who claimed that he had no recollection of receiving the order directing defendant to undergo DNA testing nor did he have any knowledge of Colloza and that this individual was not his law partner. Defendant provided an affirmation from Schwartz attesting to these same facts in support of that motion. He has now provided these documents to support the instant motion, but Schwartz did not testify at the hearing. Based upon these facts, defendant alleged that the 2007 conviction was unconstitutionally obtained because (1) the People failed to comply with the 45-day statutory time limit to file the motion to compel DNA testing; (2) the People failed to properly serve that same motion, which denied him the opportunity to oppose the motion; and (3) he was denied representation while the DNA test was administered, a critical stage of the proceedings.
The foregoing proof does not overcome "the presumptions of the validity and regularity" that attaches to past felony convictions (People v Harris, 61 NY2d 9, 16 [1983]; accord People v Pierre, 45 AD3d 1056, 1057 [3d Dept 2007], lv denied 9 NY3d 1037 [2008]). Although defendant provided a letter and an affidavit from Schwartz, neither of these two documents specifically delineate the information defendant now proffers. Schwartz only stated in generalities that he had "no recollection" of being served with notice of the motion to compel defendant's DNA testing and "no knowledge" of who Colloza was. Importantly, Schwartz did not affirm that he was not served or that Colloza was not the attorney who represented defendant as appointed counsel in his absence. Therefore, the only facts supporting defendant's recitation of what occurred come from his own self-serving affidavit and subsequent testimony, which is insufficient to satisfy his burden to demonstrate the conviction was unconstitutionally obtained (see People v Pierre, 45 AD3d at 1057; cf. People v Harris, 206 AD3d 1454, 1460 [3d Dept 2022], lv denied 39 NY3d 940 [2022]).
The record does demonstrate that, in the context of the 2007 conviction, defendant was not served with notice of the motion to compel DNA testing within the 45-day statutory window applicable at the time pursuant to CPL former 240.90 (repealed by L 2019, ch 59, part LLL, § 1) and that the People did not show good cause for the failure to do so. However, the failure to comply with this statutory timing [*3]requirement has been found to not implicate a defendant's constitutional rights (see People v Chacon, 222 AD3d 410, 411-412 [1st Dept 2023], lv denied 41 NY3d 1001 [2024]; People v Kluge, 180 AD3d 705, 709 [2d Dept 2020]; People v Smith, 168 AD3d 885, 886 [2d Dept 2019], lv denied 33 NY3d 1108 [2019]; People v Finkle, 192 AD2d 783, 788 [3d Dept 1993], lv denied 82 NY2d 753 [1993]; cf. People v Young, 160 AD3d 1206, 1209 [3d Dept 2018], lv denied 31 NY3d 1155 [2018]). Accordingly, because defendant failed to establish that the prior conviction was unconstitutionally obtained, County Court properly rejected his arguments and sentenced defendant as a second felony offender (see People v Gray, 217 AD3d at 883; People v Thompson, 107 AD3d 1609, 1610-1611 [4th Dept 2013], lv denied 22 NY3d 959 [2013]; cf. People v Herring, 189 AD3d 1614, 1615 [2d Dept 2020], lv denied 36 NY3d 1097 [2021]; compare People v Weiss, 99 AD3d at 1040).
Clark, J.P., Pritzker, Lynch and Mackey, JJ., concur.
Ordered that the judgment is affirmed.

Footnotes

Footnote 1: As this argument implicates the legality of defendant's sentence, it survives the unchallenged waiver of the right to appeal (see People v Smith, 232 AD3d 942, 943 [3d Dept 2024]).